FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA  03 JUN 13  AM 11: 28
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

HAROLD MAXWELL,

    PLAINTIFF,

v.                                                       CASE NO.: CV-03-J-339-S

ALABAMA POWER COMPANY,

    DEFENDANT.

ENTERED

JUN 13 2003

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 12), evidence in support of said motion (doc. 13) and memorandum in support of its motion, to which the plaintiff has responded by submitting evidence (doc. 14) and a response in opposition. The court having considered the pleadings, evidence and memoranda of the parties finds as follows:

### I. Factual Background

The facts of this case are not in dispute. The plaintiff was employed by the defendant in various capacities from 1985 until June 29, 1999, when he was terminated. In 1996, the plaintiff injured his back. He filed a suit in state court for worker's compensation benefits, which was ultimately denied in March, 1999 on the basis that his injury was not work-related. *See* Defendant Exhibit 4. On May 4, 1999, the plaintiff alleged he re-injured his back. He was released to work the same day

1

17

with restrictions, and released within a week without restrictions. The plaintiff claimed he was still in pain, so the defendant placed him on leave as of May 12, 1999. In accordance with the parties' Collective Bargaining Agreement, the plaintiff was presented with a list of job openings and given thirty days to identify those jobs for which he was qualified and could safely perform. The defendant asserts the plaintiff bid on only one job, which he did not get. The plaintiff asserts that, although he was released to work by his doctor with no restrictions on June 27, 1999, the defendant would not honor that release, or his bid on open positions. Plaintiff Exhibit 1. On June 29, 1999, the plaintiff was terminated.

Plaintiff filed an EEOC charge on November 19, 1999, claiming his was terminated in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*. Plaintiff Exhibit 1. He also filed suit in state court claiming retaliation in violation of the worker's compensation laws of the State of Alabama. Defendant Exhibit 5. The state court case did not state a claim under the ADA. The state court granted summary judgment in favor of the defendant on the retaliation claim. Defendant Exhibit 6.

Plaintiff did not receive a right to sue letter from the EEOC until January 3, 2003, after which he timely filed this action.[1] *See* Plaintiff Exhibit 3 and Complaint.

---

[1] The EEOC was in mediation with defendant trying to resolve this dispute. Because those efforts were unsuccessful, the EEOC next considered whether to pursue this matter itself,

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.

---

or issue a Notice of Right to Sue letter. *See* Plaintiff's Exhibit 2.

R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### III. LEGAL ANALYSIS

The defendant asserts that the doctrine of *res judicata* bars the court from considering this action on its merits, citing *Jang v. United Techs Corp.*, 206 F.3d 1147, 1149 (11th Cir.2000). *Jang* states that, even though the plaintiff could not pursue his cause of action under the ADA until he received his Notice of Right to Sue letter, he was still under the obligation to state this cause of action at the time he filed his state law retaliation claim because they arose from the same incident – his termination. *See id*, at 1149.

The Eleventh Circuit Court of Appeals explained its holding in *Jang* as, the plaintiff, having brought suit, has an obligation to include all causes of action arising from the incident in question, even though he had not yet met the procedural prerequisites to pursue that cause of action. The plaintiff then has a duty, under those circumstances, to request a Notice of Right to Sue letter issue. *Jang*, 206 F.3d at

1149. *See also Davila v. Delta Airlines*, 326 F.3d 1183, 1187-1188 (11th Cir.2003).

*Jang* and *Davila* both find that splitting causes of action, as was done here, bars the second case on *res judicata* grounds. In *Jang*, the plaintiff filed a state law claim and an ADA claim in the same action. The District Court dismissed both claims, stating the state law claim was time-barred and the ADA claim was barred because the plaintiff did not have a "right to sue" letter. *Id,* 206 F.3d at 1148. The plaintiff filed a second ADA action after receiving a "right to sue letter," which the court then dismissed on *res judicata* grounds. The Eleventh Circuit Court of Appeals affirmed. *Id.* This court finds the circumstances before it demand the same conclusion. "[P]laintiffs may not split causes of action to bring, for example, state law claims in one suit and then file a second suit with federal causes of action after receiving a 'right to sue' letter." *Jang*, 206 F.3d at 1149, citing *Heyliger v. State Univ. & Community College Sys. of Tenn.*, 126 F.3d 849, 855-56 (6th Cir.1997).

Applying the standard test to determine whether *res judicata* bars this action,[2] the court finds as follows:

The state court could have heard an ADA claim. 42 U.S.C. § 12117(a). That court reached a judgment on the merits, stating "[b]ased on the pleadings, arguments and submissions of the parties and objections of the Plaintiff, the Court finds that there

---

[2]*See e.g., Davila*, 326 F.3d at 1187; *Jang*, 206, F.3d at 1149.

is no genuine issue of material fact and that said Defendant is entitled to judgment as a matter of law." Defendant Exhibit 6. The parties to both actions are identical.

As to whether the prior and present causes of action are the same, the court must determine whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *Davila*, 326 F.3d at 1187, citing *In re Piper Aircraft*, 244 F.3d 1289, 1297 (11th Cir.2001). In *Davila*, the plaintiff, attempting to bring an ADA claim in a second action, argued he could not have brought his claim earlier because he lacked a right to sue letter and it entailed different elements than his earlier action. *Id.*, 326 F.3d at 1187. The Eleventh Circuit explicitly rejected both of these arguments. *Id*. This court finds the action before it to be indistinguishable. All of the plaintiff's claims arise from his termination.

The court having considered the foregoing, and the prior rulings of the Eleventh Circuit Court of Appeals, which are binding on this court, the court is of the opinion the defendant's motion for summary judgment is due to be granted as the plaintiff's claims are barred by the doctrine of *res judicata*. The court shall so order.

**DONE** and **ORDERED** this the 13 day of June, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE